Good afternoon. My name is John Scannell. I'm the appellant in this case. This is a case involving at least two issues of first impression. The first is that I've been suspended now for about 10 months on a reciprocal suspension issued by the district court, even though no court had made any finding of misconduct. The primary allegation that was raised against me was that my insistence on protecting my attorney client's secrets of my client, who was appearing before the disciplinary board, constitutes obstruction, which resulted in the board making a finding that I should be disbarred. As I stated in my brief, the tests for the reciprocal suspension have been long established in the case of Selling v. Redding. To show that the reciprocal suspension was invalid, you show that there's been a deprivation of due process, there's been insufficient proof of misconduct, and a grave injustice has resulted. In this particular case, in my briefing, I raised 10 issues, any one of which would have meant all three of those cases, all of those tests. To begin with, this suspension resulted from a subpoena in which a client that I represented before the board, there was a demand that I submit 18, among other things, 18 to 20 emails where I'm trying to advise him on how to respond to an impending bar complaint. First of all, Washington law is kind of unique in this, in that during the investigation stage under ELC 5.4, an attorney is not allowed to assert attorney client privilege. The ELC is designed so that if a client files a complaint against an attorney, the attorney can't hide behind the shield of attorney client privilege in order to avoid answering the bar complaint. But that's not what was going on in this case. In this particular case, I was representing another attorney before the bar on this very same issue. What happened was that I'm saying that the rule at that point, you have to look at the entire rule, the rule says that nothing in the rule will require the attorney to waive his own privilege. The problem in this case results from the bar's insistence that my client is not entitled to notice, therefore not entitled to attend the deposition, and therefore not entitled to assert attorney client privilege. I was insisting that he had a right to attend. They disagreed with me. Now, what happened in that, after you can follow from the stages, everything followed from that. If you look at all the substantive allegations that were raised against me, everything flowed from that. They responded by having, on two occasions, having the chair of the disciplinary board rule against my motion for a protective order until my client was given notice. By choosing that method, under the ELC, there was no method for review. But as I pointed out in my brief, it's not the chairman of the disciplinary board's call. It's the disciplinary board itself from which I could have appealed to the Supreme Court. So... Did you appeal it to the Supreme Court? Did you appeal this question to the Washington Supreme Court? No. What happened was is that I used the option, as I pointed out in my brief, because I didn't have a clear right to appeal to the Supreme Court, chose to defend it through the enforcement action. Now, instead of enforcing the action with a direct motion to compel, like the rules normally call, they instead decided to attempt to disbar me. So what I'm saying, since they chose that method, the same rule applies. They have to still, before they take the enforcement action, have a valid ruling on the attorney-client privilege question, which they never did. To this day, there's never been a valid ruling, in my view, as to why my client was not entitled to attend. No court has ever ruled on that issue. You've since been disbarred by the Washington State. What? You've been disbarred in Washington State, right? That is the position of the Washington State Supreme Court. I'm still saying that the order is invalid, but there has been that. But this is not a moot issue. Are you a member of the bar of any other court? Yes, I am. What court is that? I'm a member of the Western District, which has not issued a reciprocal disbarment, and I'm also a member of this court. I also happen to be a member of the court for the Puyallup Indian tribe. Well, what's the last one? I didn't hear the last court that you're a member of. Oh, the Puyallup Indian tribe. Okay. The other grounds for your difficulties appeared to be a criminal case where you represented co-defendants, which doesn't seem to be related to these things you're talking about now. Well, that's true. There was a technical violation in a criminal case, and if you analyze that, what happened in that case is that I represented multiple defendants, two defendants. In that case, at the beginning of the outset of the representation, I made an oral conflict statement outlining to them the problems of me representing both of them in the same criminal action, and they would have to waive that before I could proceed. They both waived that, and later on the record shows that they did it again before a judge who questioned closely as to what the conflicts were and what I told them. The problem was that these were potential conflicts of interest, not actual conflicts of interest, because at the time they both had exactly the same story, and they both had exactly the same goals in proceeding with the case. There was a potential conflict of interest down the road, and at that point in time the case law was unclear as to whether you had to have a written conflict of interest statement instead of an oral conflict of interest statement on a potential conflict of interest. Now, two years after this occurred, the Supreme Court decided on a 6-3 vote that it had to be in writing. It couldn't be oral. But at the time that this occurred to me, the case law was not clear, and I chose to give an oral conflict of interest. If you ever did look at the published decision on the disbarment, you'll see that this was really considered a minor issue by the Washington State Supreme Court. The primary issue here is did I obstruct the investigation. Do you not have to be a member of some state bar in order to be a member of a federal district court bar? That's not true, Your Honor, and the reason for that is the reasons that I cited in my brief that is based on the case of the Selling v. Redding case and its progeny, which is even though the Ninth Circuit or the higher courts may depend in the entrance into the bar whether a person comes in, the same principle does not apply if there's an exit. So under the Selling v. Redding case, even if the qualifications that allowed you to come in, that court now says, oh, well, we want to get rid of them. The federal courts still have to look at the three-part test, and if they decide no, then it's possible to be in the Ninth Circuit or possible to be in the district court without being a member of the state bar. And that explains why a reciprocal action does require an inquiry by the Ninth Circuit or by the district court rather than simply automatically imposing the same penalty on you in our court as has been imposed in Washington State. Right. Now, interestingly, this same issue has been faced by the Ninth Circuit. In other words, they issued a show-cause order over this identical issue, and they ruled, they agreed with me, which was the very same issues that were raised in my brief precluded them from issuing a reciprocal suspension on this temporary suspension which was issued without due process. So at the present time, in answer to her question, right now I'm a practicing attorney in the Ninth Circuit, have been for the past eight months, even though I haven't been practicing in the Washington State bar. So the very situation that she talked about has already occurred in my case and has happened in other attorneys' cases. So one of the things that is – You're over your time. You may want to – I'll allow you a minute to finish up. Huh? You're over your time. You're allowed – I'll allow you a minute to finish up. It's outlined in the briefs, no due process. They never looked at the merits underneath. One of the things that I'd like you to take a look at, if you have a chance, second look, is the case of Dyke v. Dyke. An attorney is put in an almost impossible position when he's forced to guess on whether attorney-client privileges has occurred, which way he should go. If he guesses wrong, it's a severe penalty. In my case, ended up in disbarment. The Washington State Supreme Court said that they would not put an attorney in that position. They would wait until all the appeals have been exhausted before they would make the decision for discipline. Yet, for some reason, they haven't done that in this case. So even though there's – Your time is way over. Okay. Sorry. Thank you, Mr. Scannell. Case is submitted.
judges: Wilken, Fletcher B. , Bybee